Spencer, Ch. J.,
delivered the opinion of the court. The defendant was not estopped by the deed she executed with her husband, to the lessor of the plaintiff, for the premises in question. It. is a settled principle of the common law, that coverture disqualifies a feme from entering into a contract or covenant, personally binding upon her. She may, at common law, pass her real property, by afine duly levied ; and under our statute, she may. also, in conjunction with her husband, and on due examination before a competent officer, convey her real estate, or any existing or contingent future interest in it. But such deed cannot operate as an estoppel to her subsequently acquired interest in the same lands. The defendant’s subsequent *142 agreement with Dickenson, in regard to the lots in question, was not affected by the covenants in the deed to the lessor.
*The offer on the part of the plaintiff, to show, that the writ of fieri facias, issued under the judgment, in favor of Kimberly against Vanderheyden, had been withdrawn,, and the levy abandoned, was properly overruled. It was an attempt, collaterally, to contradict the sheriffs deed, and this we have held (Jackson v. Croy, 12 Johns. Rep. 429.) to be inadmissible. The plaintiffs remedy, if the facts would authorize it, would be an application to the court to set aside the sale.
I do not understand, that the plaintiff relies on the right of dower acquired under the deed from the defendant and her husband. If, however, that right is insisted on, the answer is decisive, that it is a right resting in action only; it cannot be so aliened as to enable the grantee to bring an action in his own name; a feme covert, or a widow, may release her claim of dower so as to bar her, but she can invest no other person with the right to maintain an action for it; and, besides, dower cannot be recovered, in an action of ejectment, until it has been assigned, (a)
Motion for a new trial denied.

 See Jackson v. Hixon, ante, 123. 126. Jackson, ex dem. Hooker, v. Young, 5 Cowen, 269.