ALDRIDGE v. BURLISON and WIFE.

A feme covert may, by statute, join with her husband in the execution of a con-
veyance of real estate; but she cannot be bound by any of the covenants
contained in the conveyance.

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—*Aldridge* brought an action of covenant
against *Burlison* and his wife.    The declaration avers that
*Burlison* and his wife by an indenture, in consideration of 200
dollars, gave, granted, bargained, and sold, unto *Aldridge* cer-
tain real estate; and covenanted with him that they were law-
fully seized in fee of the premises, and had good right to sell
and convey the same to him.    The declaration also avers, that
*Burlison* and his wife were not lawfully seized in fee of the
premises or of any part thereof, and that they had not any
right whatever to convey the premises to *Aldridge;* but that
on the contrary, *A. & J. M'Faddin* were lawfully seized in fee
of the premises, who had the exclusive right to sell and convey
them.    It also avers, that *A. & J. M'Faddin* had and still have
lawful right to, and possession of the premises; and that they
have, from thence hitherto, kept out and still do keep out *Al-
dridge* from the possession, contrary to the covenant of *Burlison*
and his wife.

The defendants pleaded two pleas,—1st, *actio non,* because
the defendants were, on, &c. lawfully seized, &c.; and that *A.
& J. M'Faddin* were not, at, &c. lawfully seized, &c.; 2dly,
that the action ought not to be further maintained, because *A.
& J. M'Faddin,* since the last continuance, have relinquished
their title to the defendants.    Replication to the first plea, and
issue.    Demurrer to the second plea, and judgment on the de-
murrer for the defendants.

Although the second plea be considered bad, as contended
for by the plaintiff, still the judgment of the Circuit Court
against him is correct.    The declaration is substantially defec-
tive.    The action is against a husband and his wife, founded on
a personal covenant averred to have been made by them jointly.
Such an action cannot be sustained.    A feme covert can enter

May Term,
1833.

into no such covenant. She may, by virtue of our statute, join with her husband in the execution of a conveyance of real estate; but she cannot join with him in any of the covenants contained in the deed. The action here is against two persons on a joint covenant, which covenant, as shown by the declaration, is not binding on one of the defendants. The declaration is, therefore, bad on general demurrer. 1 Chitt. Pl. 32 (1).

*Per Curiam.*—The judgment is affirmed with costs.

*R. Crawford*, for the plaintiff.

*C. I. Battell*, for the defendants.

(1) The following case is in point:—*Wadleigh* sued *Glines* and *Polly* his wife in covenant. The declaration alleged that the defendants conveyed to the plaintiff a certain tract of land, which they claimed in right of the said *Polly;* that the defendants, by the said deed, covenanted with the plaintiff that they were lawful owners of the premises, &c., that they would warrant, &c. Breach, &c. Demurrer to the declaration and judgment for the defendants.

*Per Curiam.*—"It is well settled, that upon a mere personal contract, made by a wife, during the coverture, she can in no case be sued. 16 Johns. 281, *Edwards* v. *Davis*.—17 ditto, 167, *Jackson* v. *Vanderheyden*.——15 ditto, 483, *Whitbeck* v. *Cook*.—1 Binn. 575,—1 Chitt. Pl. 43.

"But, at common law, covenant on a warranty in a fine, or on a covenant, running with the land of the wife, demised by her during the coverture, might be supported against her. 1 Chitt. Pl. 43.—3 Saund. 177, *Wotton* v. *Hele*.—Ibid, 180, note 9.

"In this state a married woman may, by joining with her husband in a deed, convey her lands; and her deed, thus made, will estop her and her heirs from setting up, against the grantee, any title she may have had when the deed was made.

"But she has never been considered as bound by any covenant of warranty in the deed. 7 Mass. Rep. 291, *Colcord* v. *Swan et ux.*

"Nor is she estopped, by such a covenant, from setting up a subsequently acquired title. 17 Johns. 167."—*Wadleigh* v. *Glines et ux.*, 6 N. Hamp. 17.