David M. Wadkins et al. v. Carey Watson et al.

No. 54.

**1. Married Woman's Power to Contract.**

Under the common law, women under coverture had not capacity to convey their lands by deed or to make other contracts. The common law was adopted January 20, 1840, so far as not inconsistent with the statutes, and has been in force ever since. The Act of April 30, 1846 (Pasch. Dig., art. 1003), which has been substantially the law ever since, was for the purpose of enabling married women to convey their separate property, as well as for the purpose of "defining the mode of conveying property in which the wife has an interest;" empowering married women in the mode prescribed to convey "any estate or interest in land * * * the separate property of the wife." The effect of such conveyance as prescribed is that it "shall pass all the right, title, and interest which the husband and wife, or either of them, may have in or to the property therein conveyed." .................. 197, 199

**2. Same.**

Under statutes conferring upon married women. as fully as do the Texas statutes, power to convey their separate property, it has been held that such statutes do not confer power on a feme covert to bind herself by express covenants in a deed which, if given effect, would operate to prevent her successful assertion of after-acquired title; and that the sole effect of such conveyances is to pass whatever interest she has at the time the conveyance is made ....................... 199

**3. Same—Estoppel.**

Nor would such statutes impose upon implied covenants in conveyances made by the wife, in absence of fraud. the effect of conveying an after-acquired title, or of an estoppel against her assertion of an after-acquired title to land not owned by her at the time of the execution of her deed therefor ............................................... 202

**4. Same—Case in Judgment.**

In 1856 the wife, joined by her husband, by their deed duly signed and acknowledged, conveyed a tract of land in which she owned one-half interest. The deed was in fee, but with no covenants. Subsequently she inherited the other half-interest. and her heirs assert title for such half. *Held*, that they are not estopped by the deed of their parents to claim their mother's interest, inherited by her subsequent to their conveyance ...................................................... 203

Questions Certified from Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

*Schluter & Allday*, for appellants.—The effect of the deed from Wadkins and wife to Amos Morrill was to pass only such right, title, and interest as they may have had in the land conveyed at the time of the execution of the deed. The deed from Wadkins and his wife was executed in 1856. The statutes providing for conveyances by married women of their separate estate passed in 1846 (Oldham & White's Digest,

article 207) was in force at that time, which provided, that when such conveyance was executed and acknowledged as provided by said act, that such deed shall pass all the right, title, and interest which either the husband or wife may have in and to the premises thereby conveyed. At the date of said deed Lillias Wadkins was a married woman. O. &. W. Dig., art. 207; Bridge Co. v. Tibbets, 16 B. Mon., 637; Nunnally v. White, 3 Metc., 583; Preston v. Evans, 56 Md., 476; 14 Am. and Eng. Encycl. of Law, 627, sec. 2; Steward on Husb. and Wife, 369.

*E. F. Brown,* for appellees Watson and Bean.—A deed which by its term would estop a feme sole and her privies from asserting an after-acquired title, will also estop a married woman in our State, if properly acknowledged under the statute for passing the title to the property of married women. Fowler v. Shearer, 7 Mass., 21; Langton v. Marshall, 59 Texas, 299; Wardlow v. Miller, 69 Texas, 399; Cravens v. White, 73 Texas, 580; Martin v. Develly, 21 Am. Dec., 247; Hill v. West, 31 Am. Dec., 442; Dalton v. Rust, 22 Texas, 154; Johnson v. Taylor, 60 Texas, 365; Ryan v. Maxey, 43 Texas, 193; Robinson v. Douthett, 64 Texas, 101; Herm. on Estop., sec. 581; Stearns v. Swift, 25 Mass., 532; Nash v. Spofford, 10 Metc., 192; Colcord v. Swan, 7 Mass., 291; Knight v. Thayer, 125 Mass., 26; Baker v. Hathaway, 5 Allen, 103; Basford v. Pearson, 7 Allen, 504; Faucett v. Currier, 109 Mass., 79; Merrium v. Railway, 117 Mass., 241; Richmond v. Tibbles, 26 Iowa, 474; King v. Rhea, 56 Ind., 17; 61 Ind., 1.

*E. C. McLean,* for himself.—When a married woman, joined by her husband, executes and delivers a deed to her separate real estate, in which she conveys the land itself as distinguished from conveying her interest in the land, for a valuable consideration, and she and her husband acknowledge the same with all the formalities of law, such a deed will convey any title afterwards acquired by inheritance to the same land, whether said deed contains a covenant of warranty or not; and she and her heirs are estopped from setting up such after-acquired title against her grantee and those claiming under such grantee.

Lillias Wadkins, ancestress of appellants, being a married woman, executed a deed, in which she was joined by her husband, conveying all the land in controversy in this cause to Amos Morrill on the 17th of January, 1856, for a valuable consideration, and described such land by metes and bounds. It was her separate property. The deed conveyed the land itself as distinguished from her right and interest in it. The deed did not contain any covenant of warranty. The agreed case is that the deed was properly acknowledged. The after-acquired title was by inheritance. Richardson v. Levi, 67 Texas, 365; Rodgers v. Burchard, 34 Texas, 452; Bige. on Estop., 333, 351, 352; Van Rensalaer v. Kearney,

11 How., 703; French's Lessee v. Spencer, 21 How., 240; Doe v. Oliver, 2 Smith's Lead. Cases, 707.

The special attention of the court is called to the case of Doe v. Oliver, 2 Smith's Leading Cases, 707. This case contains an exhaustive review of authorities, and is well worthy the attention of the court, notwithstanding the Texas cases cited are direct and to the point that they are relied on for, viz., that a covenant of warranty is not necessary to estop the grantor and his heirs from setting up an after-acquired title against the grantee and his privies. If appellee is correct as to this being the settled law, it leaves as the only remaining question, Does the fact that she was a married woman at the date of the deed prevent her from being estopped?

Appellee can not see how under our statutes her being a married woman would prevent the estoppel. Under the authorities above quoted a feme sole or a man would be estopped, and under our statutes a married woman can as effectually convey her separate estate, when joined by her husband and acknowledging the instrument with all the formalities of law, as she could as a feme sole. Rev. Stats., art. 559.

As far as appellee has examined, contrary decisions are in consequence of the statute law of the State rendering the decision. A careful search has failed to discover any decision of our own State directly bearing on the point as to a married woman being estopped by her deed. The authorities bearing nearest on the proposition are: Sayles' Civ. Stats., art. 559; Ryan v. Maxey, 43 Texas, 195; Fitzgerald v. Turner, 43 Texas, 79; Dalton v. Rust, 22 Texas, 155; Klein v. Glass, 53 Texas, 44; Clayton's Admr. v. Frazier, 33 Texas, 99; Mortgage Co. v. Norton, 71 Texas, 683; Schwarz v. Bank, 67 Texas, 217.

Massachusetts, with a similar statute to ours, has passed directly on the point. Nash v. Spofford, 51 Mass., 192; Colcord v. Swan, 7 Mass., 291; Russ v. Alpaugh, 118 Mass., 369; Knight v. Thayer, 125 Mass., 25.

STAYTON, Chief Justice.—Mrs. Lillias Wadkins, joined by her husband, executed, with all the formalities necessary to the conveyance of her separate estate, a deed, the material parts of which were as follows:

" Know all men by these presents, that we, Andrew Jackson Wadkins and Lillias Wadkins, wife of said Andrew Jackson Wadkins, and also heir at law and daughter of William Stoneham, deceased, and his wife, Eliza Stoneham, for and in consideration of $250 paid us by Amos Morrill, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release unto the said Amos Morrill a certain tract or parcel of land situated in Grayson County, Texas, patented to Robert Nall [here follows a complete and particular description of the entire tract of land, the title to one-half of which is in controversy, by metes and bounds], containing 1136½

acres of land; to have and to hold the said land, together with all and singular the appurtenances, rights, members, and hereditaments to the same belonging or in anywise incident or pertaining, unto said Amos Morrill, his heirs and assigns forever." ,

This deed was signed by Lillias and her husband, both making their marks.

On this deed a Court of Civil Appeals certifies the following questions:

"1. Where a married woman owned, as her separate estate, an undivided one-half interest in a tract of land (her brother owning the other half), and such married woman, joined by her husband, conveyed the whole estate by such a deed as is described above, would an after-acquired title to the other half, by inheritance from her brother, pass by such a deed to the grantee named therein?

"2. Would a married woman be estopped by such a *deed* from asserting her after-acquired title?"

The transaction in question occurred in 1856, and in order to determine the powers and incapacities of married women, we must look to the common law and to the statutes in force at that time.

Under the common law, women under coverture had not capacity to convey their lands by deed, or to make other contracts.

Since the Act of January 26, 1840, the common law, so far as not inconsistent with the several constitutions and statutes of this State, has been in force. Pasch. Dig., art. 978; Rev. Stats., art. 3128.

There are but few statutes bearing on the question of capacity or incapacity of married women to contract, and they will be briefly noticed.

Under the Act of March 13, 1848, married women were empowered to contract debts for necessaries furnished to themselves or children, and for the benefit of their separate property. Pasch. Dig., art. 4643.

That statute, changed somewhat in phraseology, was carried into the Revised Statutes. Art. 2854.

These statutes, however, have application only to the power of married women to *contract debts*, and this is carefully restricted to the purposes enumerated, and can have no bearing on the questions under consideration, further than that they show the unwillingness of the Legislature since their enactment further to remove incapacities of women under coverture to contract debts or incur personal obligations absolute, further than may be necessary for maintenance of themselves and children and the preservation and improvement of their separate property.

Recognizing the fact that married women have no power to execute such bonds as the law requires of persons holding certain trust relations to property, the Legislature has enacted laws which empower them, when appointed executors, administrators, or guardians, to execute such bonds as the law requires of persons holding such positions.

The statute provides, that charters of private corporations, incorpo-

rated for support of any benevolent, charitable, educational, or missionary undertaking, or the support of any literary undertaking, the maintenance of a library, or the promotion of painting, music, or other fine arts, may be subscribed by married women, and that they may become stockholders, officers, and directors thereof, "and that their acts, contracts, and deeds shall be as binding and effective for all purposes of said corporation as if they were males; and the joinder and consent of their husbands, and privy examinations separate and apart from them, shall not be required." Sayles' Civ. Stats., art. 568.

There is nothing in any of these statutes evidencing an intention to empower married women to make any contracts whatever, except such as statutes expressly or by necessary implication give them power to make; but throughout they recognize the necessity for legislation to authorize them to contract at all.

The Act of April 30, 1846, prescribes the acts necessary to be done to convey any estate or interest in lands or other property the separate estate of married women. Pasch. Dig., art. 1003.

That was an enabling act, as was the Act of February 3, 1841, and from its passage until the present time has prescribed the only mode in which married women can convey their separate property in lands.

It was enacted, as shown by the language used as well as by its title, for the purpose of enabling married women to *convey their separate property*, as well as for the purpose of " defining the mode of conveying property in which the wife *has an interest*," and not for the purpose of enabling them to or of defining a mode by which they might convey directly or by operation of covenants expressed or to be implied, something which at some future time might become the separate property of women under coverture.

The statute, by compliance with its requirements, empowered married women to convey " any estate or interest in any land, slave or slaves, or other effects, *the separate property of the wife*."

The use of the words " the separate property of the wife" restricts the operation of the act, and necessarily implies that the relation of the wife to the property must be such at the time the conveyance is made as to render it her separate estate; for it is that alone which the statute empowers her thus to convey. The same manner of conveyance was required by the same statute when the purpose was to convey homestead or other exempt property.

If there could be any doubt as to the true construction of the act, so far as considered, this would be removed by that part which declares what the effect of a deed executed in accordance with its requirements shall be.

After declaring the acts essential to be done by the husband and wife, and by the officer taking the married woman's acknowledgment, the stat-

ute declares, that "such deed or conveyance, so certified, shall pass all the right, title, and interest which the husband and wife, or either of them, may have in or to the property therein conveyed."

May have in or to the property at what time? Certainly at the time the conveyance is made, and not such as they or either of them may subsequently acquire.

The husband may doubtless be bound by warranties or covenants he may make, but these would have to be express when he joins pro forma in the conveyance of property as the separate estate of the wife.

It is often not only advantageous but necessary for married women to convey their separate property, and for this reason the power is given, under safeguards intended for their protection; but it is not necessary that they should give warranties of title or make covenants in deeds in order to sell, whereby personal obligation would be imposed in case of breach, and therefore no such power has been conferred in terms or by necessary implication.

"A covenant of warranty is not an essential part of a deed conveying lands. The title will pass just as effectually without it. Therefore, though the wife execute a deed with covenants, she is not bound by them. The estate simply flows from her—no more." 1 Bish. on Law of Marr. Women, 603.

Under statutes conferring upon married women, as fully as do statutes of this State, power to convey their separate estates, it has been held, that such statutes do not confer power on a feme covert to bind herself even by express covenants in a deed, which, if given effect, would operate to prevent her successful assertion of after-acquired title; and that the sole effect of such conveyances is to pass whatever interest she has at the time conveyance is made. Clowes v. Vanderhuyden, 17 Johns., 167; Wadleigh v. Glims, 6 N. H., 18; Hopper v. Demarest, 1 Zab., 541; Preston v. Evans, 56 Md., 490; Bridge Co. v. Tibbatts, 16 B. Mon., 638; Whitbeck v. Cook, 15 Johns., 490; Hobbs v. King, 2 Metc., 139; Aldridge v. Burleson, 3 Blackf., 201; Barker v. Circle, 60 Mo., 263; Nichelson's Lessee v. Hornsby, 3 N. & McK., 409; Chapman v. Abrahams, 61 Ala., 115; Porter v. Bradley, 7 R. I., 538.

Under statutes of some of the States married women may hold, manage, and convey their separate estates as may femes sole, and in such cases there may be no good reason why deeds made by them should not be given the same effect in every respect as is given to the deed of one in fact feme sole.

In Massachusetts this power and the power to make contracts generally is conferred, with perhaps but two exceptions, which withhold from her power to make contracts with her husband, or without his written consent to destroy or impair his tenancy by courtesy in her real estate.

In States where such laws exist the decisions must necessarily be other than can be made under the laws of this State.

A usage appears to have been established in Massachusetts during its early colonial period, and before the enactment of statutes conferring the power, under which it was held to·be lawful for married women, joined by their husbands, to convey their lands.

This usage, it was said, " has prevailed without interruption beyond the memory of man; and it can not now be disallowed, without shaking very many of the existing titles to real estate, and it must now be considered the law of the land.     If, therefore, the wife will voluntarily join with her husband in executing a conveyance of her land, she is bound by her deed so far as it operates to pass her estate.   *   *   *   To hold her liable on the covenants can not be necessary to the conveyance, nor beneficial to her family, but may be greatly to her prejudice.   The usage, therefore, has never extended to make her liable to an action on the covenants in the deed, further than they may operate by way of estoppel." Fowler v. Shearer, 7 Mass., 21.

In Colcord v. Swan, which was an action for covenant broken, brought upon covenants of warranty contained in a deed made by husband and wife, purporting to convey her land, it was said: " Her executing the deed operates the conveyance of the land; but although she is estopped by her covenants, she is not answerable in damages for any breach of them." 7 Mass., 291.

These cases are frequently cited in support of the proposition that a married woman is estopped by her deed, but in the case of Wight v. Shaw, 5 Cushing, 66, they are held, in so far, to be dicta.

It is said in case last cited, that " The cases of Fowler v. Shearer, 7 Massachusetts, 141, and of Colcord v. Swan, 7 Massachusetts, 291, are leading cases upon the subject of conveying the lands of a feme covert, and the origin of the New England practice of conveying the wife's land by a deed of husband and wife.   Language is used in these cases which might seem to sanction the principle that the wife would be estopped by the covenant of warranty in such a deed from setting up an after-acquired title.   Neither of these cases, however, called for any opinion upon that point, and the language is therefore mere dicta.   The first was an action of covenant broken, and it was held, that the wife was not barred by such covenant, and that an action was not maintainable against her.   The other case only involved the effect of such conveyance by husband and wife of her land.   The courts have uniformly repudiated any liability of the wife on her covenants; and this would seem materially to affect her liability to the bar or estoppel which is supposed to result therefrom. The nature of this estoppel and the foundation of it were distinctly stated in the case of Comstock v. Smith, 13 Pickering, 117."

The prior case of Nash v. Spofford, 10 Metcalf, 193, was not noticed in the opinion,' but the cases are not in conflict when the fact is considered that the property involved in case last named was held by a trustee for the sole and separate use of the wife. As to such equitable separate estates a different rule prevails, the power of the wife in such cases being such as the instrument creating the estate confers on the wife.

The opinion in Wight v. Shaw, however, did cite with approval the case of Jackson v. Vanderhuyden, 17 Johnson, 117, upon the proposition that a covenant of warranty does not estop the wife from asserting an after-acquired title.

The opinion in Comstock v. Smith so clearly states what is believed to be the true ground on which one who has conveyed land with covenant of warranty or other like covenant can not set up after-acquired title, that an extract from it will be inserted.

"Such new title will enure, by way of estoppel, to the use and benefit of his grantee, his heirs and assigns. This principle is founded in equity and justice, as well as the policy of the law. It is just that a party should not be permitted to hold or recover an estate in violation of his own covenant; and it is wise policy to repress litigation and to prevent a circuity of actions, when better or equal justice may be administered in a single suit. By such a grant with general warranty nothing passes, nor, indeed, can possibly pass, excepting the title which the grantor has at the time of the grant; but he is estopped to set up a title subsequently obtained by him, because if he should recover against his grantee, the grantee in his turn would be entitled to an action against the grantor to recover the value of the land. The principle of estoppel, therefore, not only prevents multiplicity of suits, but is sure to administer strict and exact justice; whereas, if the grantee were driven to his action to recover the value of the land, exact justice might not be obtained, because the land might possibly not be estimated at its just value. If, however, the grantee were not entitled to recover the value of the land on the grantor's covenant of warranty, then in such case it is obvious that this species of estoppel would not be applicable."

The laws of the State of Ohio permitting and regulating the conveyance of lands belonging to married women being practically the same as the laws in force in this State upon that subject, in the case of Hill v. West, 8 Ohio, 225, it was held, that a married woman making a conveyance of lands in accordance with the law could not bind herself by contract further than this was expressly authorized by the statute, and that she could not, through a covenant of warranty, render herself liable in damages for its breach; but in that case it was held, that such a covenant would estop her from asserting after-acquired title, and that to this end liability to damages for breach of covenant was not necessary.

The Massachusetts cases before referred to are cited as authority for these propositions.

The laws in force in Indiana empowering married women to convey lands belonging to them, and prescribing the mode in which that might be done, at the time the facts accrued on which the decision in King v. Rice, 56 Indiana, 17, was made, are understood to have been practically the same as the laws in force in this State upon that subject.

A married woman and her two children owned as tenants in common a tract of land, and she, in the manner prescribed by the statute, made a deed, in which her husband joined, that purported to convey the entire interest in the land, with warranty of title.

Subsequently one of her children died, and she was one of the heirs, and the question was whether she was estopped from asserting title thus acquired, and it was held, that "When a married woman joins with her husband in a conveyance of lands held in her own right, which purports to convey the entire estate therein, she is estopped from afterwards setting up any title to the lands so conveyed, whether it existed at the time of making the conveyance or was subsequently acquired."

It was conceded that she was not bound by her warranty, but it was held that she was estopped by her deed.

It was said, that "the statute which enables her thus to convey during coverture the lands held in her own right, imposes upon her, as a corollary, all the obligations of the conveyance, save those which the statute itself excepts; for it would be an absurdity to say that she had passed her lands if she could take them back again; and the estoppel does not depend upon the obligation of the covenant of warranty."

In so far as the wife had an estate in the land, that passed by the deed executed in the manner prescribed, and no question of estoppel arose as to that; but the theory upon which it seems to have been held that the after-acquired title passed by estoppel appears unsound, if the common law was in force in that State; for the wife's disabilities under such circumstances would be those prescribed by the common law, except as they may have been removed by statute.

Her power would not be that of a feme sole unless made so by statute, and her obligation would necessarily be measured by her power to bind herself and the extent to which she had used that.

If the wife has no power to convey an estate she assumes to convey, it must be true, no fraud intervening, that her act can not be made the basis of estoppel, for otherwise she would be able to accomplish indirectly what the law declares she shall not do or have power to do.

The opinion in King v. Rice was qualified, if not overruled, in Snoddy v. Leavitt, 105 Indiana, 359.

In the opinion in that case it was said, that the estoppel referred to in the former case was in pais; but there was no fact shown to make such

estoppel, unless it be that the execution of a deed by a married woman, purporting to convey a tract of land when she only owned an undivided interest in it, was of itself such fraud as would create such an estoppel.

Such a holding could not have been intended in the last case, for in that case it was held that a wife who joined a husband in the execution of a warranty deed conveying his land, at a time when she was not liable upon covenants of warranty, was not estopped from asserting title to the same land subsequently acquired by her.

Under the ruling in Lindsay v. Freeman, 83 Texas, 259, covenants may be implied which will operate to preclude a person sui juris making such a deed, and the heirs of such person from asserting after-acquired title; but the rule announced in that case can have no application in this; and it is now unnecessary to consider whether estoppel arising in such cases is by deed or in pais.

If a married woman is not bound by express warranty of title, she can not be bound by any implied covenant, and it is unnecessary to inquire how far she may be bound by express covenants or recitals in deeds of nature such, if untrue, as to mislead, and therefore fraudulent.

While there is no decision in this State bearing directly on the questions certified, the general principles which must control it have been declared. Kavanau v. Brown, 1 Texas, 483; Trimble v. Miller, 24 Texas, 215.

The *deed* in question did not pass the after-acquired title, nor did it estop Mrs. Wadkins or her heirs.

Delivered December 4, 1893.

Justice Brown did not sit in this case.