## STATE v. KEMMERER.

Under Comp. Laws, § 3254, subd. 4, providing that where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto the same passes by operation of law to the grantee, where a wife is not the owner of property, and merely joins her husband in a quitclaim deed in the capacity of grantor's wife, she is not estopped from asserting title subsequently acquired in her own right, though the deed recites that she and her husband convey all the right and title to the property.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Faulk county. HON. LORING E. GAFFY, Judge.

This case was first determined in this court in an opinion reported in 14 S. D. 169, 84 N. W. 771, in which opinion the judgment of the trial court in favor of defendant was affirmed. This opinion is upon a rehearing subsequently granted. Former decision adhered to.

*John L. Pyle,* Attorney General, and *Alva E. Taylor,* Assistant Attorney General, for appellant.

*W. S. Bruell,* for respondent.

FULLER, J. Although firmly convinced, from a careful review of this case on rehearing, that in our former decision, 14 S. D. 169, (84 N. W. 771) the instrument in suit was correctly construed to be a

quitclaim deed, operating merely to pass respondent's interest, if any she had at the time of its execution, so that her after acquired title did not inure to appellant, we will briefly notice another proposition, conclusive in any event.

It being confessed by the demurrer to the answer that respondent was not the owner of the premises when she joined her husband *pro forma* in the quitclaim deed, section 3254 of the Compiled Laws, relative to the passing of after-acquired title by operation of law, is certainly not binding upon her. Subdivision 4 of that section is as follows: "Where a person purports by proper instrument to grant real property in fee simple and and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee, or his successors,." Not being the owner of the property, and having, according to the usual custom, joined her husband in the quitclaim deed, in the mere capacity of a grantor's wife, she is wholly exempt from the operation of the foregoing provision. In states having statutes like our own, authorizing a married woman to hold, manage, and convey her separate estate as a *femme sole,* it is usually held that she cannot bind herself, even by express covenants in her deed, which, if given effect, would prevent her from asserting an after-acquired title, but as this case does not require us to go to that extent, and no good reason for the rule is apparent, we cite certain supporting authorities, without committing ourselves to the doctrine therein enunciated. At page 460, 3 Ballard's Ann. Real Prop., numerous cases are collated in support of the following text: "Neither at common law, nor under a statute empowering her to convey her separate estate, and providing that a prescribed form of deed shall pass the interest which she may have, is a married woman estopped to assert an after-acquired title to land which she has conveyed by a deed purporting to convey

the entire title." Upon the theory that covenants are not essential to pass title, whereby personal obligations would be imposed in case of breach, it is held in the following cases, notwithstanding her covenants of warranty, that the estate which she then has flows from her, and nothing more: Snoddy v. Leavitt, 105, Ind. 357, 5 N. E. 13; Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779; Hopper v. Demarest, 21 N. J. Law. 525; Wadleigh v. Glines, 23 Am. Dec. 705; Aldridge v. Burlison, 3 Blackf. 201; Barker v. Circle, 60 Mo. 258; Jackson v. Vanderheyden, 17 Johns. 167, 8 Am. Dec. 378; Whitbeck v. Cook, 8 Am. Dec. 272; Preston v. Evans, 56 Md. 490; Strawn v. Strawn, 50 Ill. 33; 1 Bish. Mar. Wom., 603; Porter v. Bradley, 7 R. I. 538; Chapman v. Abrahams, 61 Ala. 108. Although the deed under consideration recites "that Abram Kemmerer, and Emma Kemmerer, his wife, do hereby convey, grant, remise, release, and quitclaim unto John L. Lockhart, trustee for the state of South Dakota, and to his assigns forever, all the right, title, interest, property, and equity in and to the following real property," etc., it is clear that nothing was contemplated but such estate as existed in Abram Kemmerer at the time of making the conveyance, and the use of the word "the" instead of "their" in the granting clause in no manner changes the nature of the instrument. As the land described in the quitclaim deed was not her property, but belonged to her husband, she was in no legal sense a vendor, and was not entitled to demand any part of the consideration. While she had a right to join in the quitclaim deed as the wife of the grantor, yet the present interest of her husband would have passed, doubtless, as effectually without her signature, and, having neither conveyed the property nor entered into covenants of warranty, she is not estopped from asserting title subsequently acquired in her own right. Without becoming indoctrinated with

the authorities above cited beyond the requirements of this case, we adhere to our former opinion, and affirm the judgment appealed from.