D. MORRISON ET AL. v. M. E. BALZER ET AL.

Decided March 17, 1904.

**Married Woman—Conveyance—Ratification.**

The act of a married woman in attempting to convey land by deed to her children, without being joined by her husband and having no power of attorney from him to act as his agent, though professing to act as such agent in conveying, was, in itself, void; but where, after the death of her husband, she had a guardian appointed for her children, represented the land to be theirs, and acquiesced in and received the proceeds of the sale of the land by the guardian, such ratification of the deed estopped her and her heirs to set up title against the purchaser at guardian's sale.

Appeal from the District Court of Orange. Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.

*Ed. S. Phelps,* for appellee Sue E. Baker.

*Hart & Wingate,* for other appellees.

GARRETT, CHIEF JUSTICE.—Mary E. Balzer joined by her husband William Balzer, Sarah Adeline Richardson joined by her husband Leonard Richardson, and Mary Flavia Watson joined by her husband William Watson, brought a suit of trespass to try title in the District Court of Orange County, September 17, 1898, against Daniel Morrison and W. B. King for the recovery of five certain tracts of land described in the petition. Mary E. Balzer and her husband both died after the institution of the suit. Their death was suggested, and Florence Schriver joined by her husband Victor Schriver, who in the meantime had been brought into the suit as defendants, made themselves parties plaintiff and the suit was afterwards prosecuted in the names of the three married women joined by their husbands as the heirs of their mother, Mary E. Balzer. The defendant Morrison answered by demurrer, pleas of not guilty and limitation. The defendants Schriver and King by answer filed November 10, 1898, disclaimed any interest whatever in the land. At the time of the institution of the suit Daniel Morrison was claiming title to the land in controversy and W. B. King was made defendant on account of a mortgage that had been executed by Morrison to him. This mortgage was dated May 28, 1894, to secure a note for $3000 payable on or before May 28, 1896. It was duly recorded in Orange County, January 6, 1894. King transferred the note and mortgage in 1895 to A. C. Baker, who died and left it by will to his wife, Sue E. Baker. On April 25, 1900, Morrison executed a renewal note to Sue E. Baker for $1793.04, the balance due on the original note, and acknowledged the full force and effect of the mortgage. Sue E. Baker was also made a party defendant, when it does not appear, but she and King filed their original answer September 29,

1902, and their amended original answer October 8, 1902, in which the execution of the original note and mortgage and its assignment and of the renewal note were pleaded; the defendant King disclaimed any interest in the note and mortgage, and the defendant Sue E. Baker prayed for judgment and foreclosure against Morrison and the other defendants. On August 6, 1900, Morrison conveyed the land to D. Call; on February 12, 1901, Call conveyed to J. W. Link an undivided one-fourth interest therein, and on March 7, 1901, Call conveyed to Charles M. Rein an undivided one-half interest. These vendees were afterwards brought into the suit as defendants. Jno. T. Hart filed an intervention September 22, 1902, claiming one-half of the land under a contract with the plaintiffs. On September 2, 1901, Sue E. Baker brought an original suit against all of the plaintiffs and defendants in the suit of trespass to try title for recovery on her debt as evidenced by the renewal note and foreclosure of the mortgage executed by Morrison to King. The two causes were consolidated and on trial below by the court without a jury judgment was rendered in favor of the plaintiffs and intervener Hart for an undivided one-half of the four tracts of the land sued for and first described, and in favor of the defendants Call, Link and Rein for the other half interest in said four tracts and for all of the fifth tract described in the petition, and in favor of Sue E. Baker for the amount of her demand with a foreclosure of the mortgage on the lands decreed to the defendants Call, Link and Rein. D. Call, J. W. Link and Charles M. Rein have appealed.

John Merriman was common source. He conveyed the land in controversy to C. L. Bonville and Mary Ella Bonville by a deed dated March 23, 1869, which was duly acknowledged and recorded. Mary Ella Bonville was his daughter and C. L. Bonville was her husband. C. L. Bonville died and his widow, Mary Ella, was married to P. P. Province, February 24, 1876. Province died May 24, 1878, and the widow Mary Ella afterwards became the wife of William Balzer and was the plaintiff Mary Ella Balzer. By her first husband Bonville she had two children, daughters, the plaintiffs Sarah Adeline Richardson and Mary Flavia Watson, and by her second husband, Province, she had one child, a daughter, the plaintiff Florence Schriver. She died July 31, 1901, and her husband William Balzer died August 21, 1901. The plaintiffs Adeline Richardson, Maria Flavia Watson and Florence Schriver are her sole heirs.

On June 8, 1877, while she was the wife of P. P. Province, the said Mary Ella Province executed a deed to her children Sarah Adeline Bonville, Mary Flavia Bonville and Florence Province undertaking to convey to them the land in controversy. The instrument recited that the grantor was joined by her husband, P. P. Province, and that it was executed in consideration of one dollar and love and affection. It was signed "M. E. Province" and "P. P. Province by M. E. Province." It was acknowledged by M. E. Province before R. H. Smith, clerk of

the County Court of Orange County. The certificate was in form as of the privy acknowledgment of a married woman as to Mary Ella Province; but it recited also that she acknowledged that she executed the deed for herself and as agent for her husband, P. P. Province. It was neither signed nor acknowledged by him or his authority. When the deed was executed Mary Ella Province and P. P. Province were living together as husband and wife. The defendants undertook to show that P. P. Province had abandoned his wife when the deed was executed by evidence that he was a fugitive from justice, was continually evading the officers of the law, having no fixed domicile, was an habitual drunkard and did no work to support his family, and finally died in jail in Grimes County. But the deposition of plaintiff Mary Ella Balzer, taken in behalf of the plaintiffs, was that they were living together as husband and wife at the time of the execution of the deed, and the finding of the court to that effect is fully sustained by the evidence.

After the death of Province and while the mother of plaintiffs, Mary Ella Province, was a feme sole, she waived in writing her right to letters of guardianship of the estate of her minor children and requested that A. M. Rogers be appointed by the county court as their guardian. The waiver was indorsed upon an application for letters of guardianship which recited "that said minors (the Bonville children) owned by right of inheritance from their father an undivided one-half interest in two tracts of land, one containing 120 acres being a part of the Nathan Cordray survey estimated to be worth some five hundred dollars." "And they and their sister Florence Lillian Province, age 4 years, hold the other half interest in said tracts of land and lot by deed from their mother, Mrs. M. E. Province." The land was regularly sold by the guardian and conveyed to the defendant Daniel Morrison. The mother knew all about the sale and gave her consent thereto and approval thereof and received the purchase money. She begged Morrison to buy the land for the reason stated to him that she wanted some money to buy groceries and clothes for the children and to prepare them for school. The land was conveyed by Morrison to the defendant Call and by him to Link and to Rein as above stated. On November 7, 1898, the plaintiff Florence Schriver joined by her husband conveyed the land to Dan Morrison by a general warranty deed.

The note and mortgage by Morrison to King were executed and transferred by the latter to A. C. Baker and came into the hands of the defendant Sue E. Baker as above stated. The trial court found as a fact that the defendants Call, Link and Rein bought the land with notice that the defendant Sue E. Baker was the owner of the debt sued on and the mortgage. This finding is not questioned by any proper assignment of error.

The evidence was sufficient to support the conclusion of the trial

court that Mary Ella Province and P. P. Province were living together as husband and wife at the time of the attempted execution of the deed by her to her children, the plaintiffs. The deed was therefore void. No presumption could be indulged in favor of a power of attorney from Province to his wife in face of the direct testimony that there was none; and the land was not conveyed for the purpose of buying necessaries, but was attempted to be put in the name of the children to protect it from the grantor's husband. But the subsequent conduct of the mother, coupled with the deed and the recitals therein, was a ratification of the deed and created an estoppel against her and the plaintiffs to set up title against the purchaser at the guardian's sale. She was active in procuring the guardianship and treated the deed as valid and solicited the purchaser at the sale to buy the land and received the proceeds. Stafford v. Harris, 82 Texas, 178.

The plaintiffs would not be estopped by the deed of the guardian from setting up an after acquired title, but the title of their mother passed to them by ratification and estoppel and was conveyed by the guardian to the defendant Dan Morrison, and there was no title left in the mother for them to acquire by inheritance at her death. The deed of Florence Schriver joined by her husband as that of a married woman would not operate on an after acquired title. Wadkins v. Watson, 86 Texas, 197. But her title had also passed by the guardian's sale and the question is not pertinent to the issue.

Since the defendants Call, Link and Rein bought with actual notice that Sue E. Baker had acquired the note and mortgage the question of the record thereof is not material, and the defendant Morrison having renewed the note and acknowledged the continuing security of the mortgage while he still owned the land, the question of the release of the mortgaged land as a surety does not arise.

The judgment of the court below in favor of the plaintiffs for the recovery of an undivided one-half interest in the four tracts of land described therein will be reversed and judgment will be here rendered therefor in favor of the defendants. But the judgment in favor of Sue E. Baker is in all things affirmed.

*Reversed and rendered in part; affirmed in part.*

Writ of error refused.