Opinion delivered May 10, 1887.

No. 5577.

ZELPHIA STEPHENS *v.* HUGH SHAW ET AL.

1. DESCENT AND DISTRIBUTION.—Upon the death of the wife in 1877, the descendants of such decedent other than the children, inherited no part of the community estate; following Burgess v. Hargrove, 64 Texas, 110.

2. SEPARATE PROPERTY.—DEED.—The interest of a married woman in land inherited from a deceased parent as part of such parent's community estate, is not divested by showing that such married woman, acting alone in her own right, independent of her husband, received from the surviving parent a sum of money in payment for her interest, and executed a transfer and release of such interest to the surviving parent— as part of her separate estate—such interest could only be conveyed by the joint deed of the husband and wife, accompanied with a certificate of the privy acknowledgment of the wife.

3. EQUITY.—Equity in seeking to uphold a family settlement consummated in the absence of fraud between the parties in interest, will not enforce it against one laboring under a statutory disability to make such settlement. When the statute prohibits the consummation of the settlement in the manner attempted, equity can not affect it.

4. SAME.—If, however, a married woman, who, in a family settlement, acting alone and for herself, receives a consideration for land inherited by her as part of the community estate of her mother, and makes a deed thereto to her surviving father, in which she is not joined by her husband, though she can not thus divest herself of title, and may recover the land, she can only do so by accounting to those who have become entitled to the deceased father's interest for the money she received in settlement with him.

APPEAL from Johnson. Tried below before J. M. Hall, Esq., special judge.

---

---

*C. W. Jordan,* for appellant, cited Johnson v. Harrison, 48 Texas, 257; Cooley on Torts, 491; Saufley v. Jackson, 16 Texas, 580; Bigelow on Fraud, 252, 363, 395; Jam v. Toulmin, 44 American Reports, 453; Varner v. Carson, 59 Texas, 307; Andrews v. Winkler, 27 Texas, 71; Overton v. Conner, 50 Texas, 113; Harris v. Catlin, 53 Texas, 1.

*Brown, Ramsey & Crane,* for appellees, cited Burgess v. Hargrove, 64 Texas, 110; Paschal's Digest, 3426; Camoron v. Thurmond, 56 Texas, 34; Reynolds v. Brandon, 3 Heisk., 606; Farnsworth v. Dinsmore, 2 Swan., 42; Kenney et ux v. Tucker, 8 Massachusetts, 143; Grumley v. Webb, 48 Missouri, 562, and Wait's Actions and Defenses, volume 7, page 446.

GAINES, ASSOCIATE JUSTICE. The property in controversy in this suit belonged to the community estate of Joseph Shaw and Sallie Shaw, who were husband and wife. Sallie Shaw died in July, 1877, leaving her husband surviving and the following named children: Zelphia Stephens, Nancy Dunn, James M. Shaw and Hugh Shaw. She also left surviving her, Joanna Walker, James Walker and Sarah D. Anderson her grand children, and the following named great grand children: Augustus Reynolds, Allie Reynolds and Emma Reynolds. All the grand children and great grand children above named were descendants of a daughter of Sallie Shaw, whose death preceded that of her mother.

This suit was instituted by Zelphia Stephens and her husband G. W. Stephens, Joanna Walker, James Walker, Sarah Anderson and her husband A. D. Anderson, and by Augustus, Allie and Emma Reynolds as minors, suing by next friends, against Nancy Dunn, James M. Shaw and Hugh Shaw to recover certain interests in the property described in the petition.

Zelphia Stephens claimed one-fifth of her mother's interest or one-tenth of the whole, and the other plaintiffs, who were grand children of Sallie Shaw, claimed each one-fourth of one-fifth of the grand mother's interest, and the great grand children each one-third of one-fourth of one-fifth of the same. The suit was brought and was tried in the court below before the decision of this court in the case of Burgess v. Hargrove, 64 Texas, 110, which held that, upon the death of the husband or wife, the descendants of such decedent, other than the children, inherited no part of the community estate. Upon the trial the attorneys

of all parties and the court proceeded upon the theory that the grand children and great grand children were entitled to the share which would have descended to the deceased daughter if she had been living at the death of her mother. It is now clear that they have no interest in the property as heirs of Sallie Shaw, and can, in no event, recover. It is, therefore, unnecessary to consider whether any error has been committed as to any of the appellants, except Mrs. Stephens. She is the only party complaining of the judgment who has any interest in the property sued for, and her case alone will be considered.

The plaintiffs set up no claim to any share of the father's interest in the estate. How defendants became entitled to his entire half of the property does not appear in the record. As against Mrs. Stephens, defendant alleged that in 1878 their father paid her about one thousand dollars in full of her interest in her mother's estate; that this was the full value of that interest, and that at the time of the settlement, she executed and delivered to him a receipt acknowledging the payment of the money in satisfaction of her claim, and "releasing and relinquishing all of her right, title and interest in and to the said estate" to her father. This instrument was signed by the wife alone, and not acknowledged.

If the husband had joined in it, and it had been acknowledged by the wife, as the statute requires for the conveyance of real estate belonging to married women, it would have been to all intents and purposes a conveyance of her interest to her father, and could only have been set aside by proof of fraud on part of the grantee. But, with every disposition to uphold an adjustment of this character as a family settlement, under well established principles of law, we can neither hold that this instrument operated as a conveyance, nor that the payment of the money under the circumstances was an extinguishment of Mrs. Stephens's interest in the estate. Her claim was not a mere right to a sum of money equal to a certain part of the value of the property left by her mother; but it was a title in fee simple, either legal or equitable, in an undivided interest in the property itself. The property in question is real estate, and his interest in it is his separate property; and there is nothing in our laws which makes an interest inherited by a married woman from the community estate of her deceased father or mother, an exception to the rule of the statute, that a married woman's separate estate can only be conveyed by the joint deed of the husband and wife,

accompanied with a certificate of the privy examination and acknowledgment of the wife. The instrument in question, therefore, did not operate as a conveyance of Mrs. Stephens's interest in the property.

If the showing made by Joseph Shaw had disclosed a community estate consisting both of lands and money, and if the daughter had accepted a part or the whole of the money as her portion, this might probably have been treated as a partition not required under our decisions to be in writing, and as such might have been held a final adjustment of her rights. But such is not the case disclosed by the record, and we are not called upon to determine that question.

It is a rule of equity, that in the absence of fraud and of a failure to make a fair disclosure on part of the party who has obtained an advantage in a family settlement, such a transaction will be upheld, but this implies that the party against whom the settlement is sought to be maintained in force, must be one, which such party was capable of making in the mode in which it was actually executed. The rule cannot be applied, where its effect would be to abrogate the statute, which directs the manner and the only manner by which a married woman can convey her title to real estate.

We are of opinion, therefore, that the appellant Zelphia Stephens was not concluded as to her rights in the property in controversy, by the payment made to her by her father.

But we think, however, that Mrs. Stephens cannot recover her interest in the estate of her mother without accounting to those who have become entitled to the father's interest for the money which she received in the settlement with him with the interest thereon. (Burleson v. Burleson, 28 Texas, 383.)

The charge of the court was not in accordance with the law as stated in this opinion, and is assigned as error. The judgment will accordingly be reversed. The other questions raised by the assignment of error will not likely arise upon another trial, and therefore will not be considered. Many of them relate to the claims of the appellants, who were grand children of Sallie Shaw, who, as we have seen, have no rights in the property in controversy.

For the errors pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*