## J. S. SEARCY V. GWALTNEY BROS.

Decided May 21, 1904.

**1.—Conveyance in Fraud of Creditors—Presumption.**

While a conveyance made by an insolvent debtor with a view of placing his property beyond the reach of his creditors may be fraudulent and void as to prior creditors, it would necessarily be so as to subsequent creditors unless made for the purpose and with the intent to shield the grantor's property from future debts, and a legal presumption of fraud will not arise from the mere fact that debts were subsequently created.

**2.—Same—Evidence.**

Where the issue was whether W. S. had transferred his property with intent to defraud his creditors, the admission of evidence of statements made by J. S., a brother, showing an intent to defraud his own creditors, was prejudicial error.

**3.—Heir's Expectancy—Conveyance of.**

A son's expectant interest in the estate of his mother, who is a lunatic, may be the subject of a valid conveyance which equity will uphold, and upon a subsequent partition of the estate and setting apart the son's interest by decree of court his prior conveyance thereof, made when a minor, will be given effect as of its date as against claims of his creditors.

**4.—Conveyance in Fraud of Creditors.**

Where one against whom a judgment had been rendered conveyed to his brother the only property he had for cash notes, and the evidence showed that the brother had stated that "I had to buy him out to keep his creditors from getting the land," a finding that the conveyance was made to hinder, delay and defraud creditors was warranted.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*Gross & Gross* and *E. C. Armstrong,* for appellant.

*Richard B. Semple* and *Geo. W. Wells,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to try title, in the ordinary form, to recover thirty-five acres of land, a part of the G. W. King survey, and an undivided one-half of 142 2-9 acres of the James A. Wood and E. A. Ross surveys lying in Fannin County, Texas.

Defendant in the court below (appellant here) answered by general demurrer, pleas of not guilty, and of limitation of three and five years. The case was submitted to a jury on special issues and resulted in a verdict and judgment for appellees, from which appellant prosecutes this appeal.

It was agreed that W. S. Searcy, a brother of the appellant, was the common source of title. Appellees claim as judgment creditors under an execution sale which took place July 7, 1898. The execution, by virtue of which the sale was made, was issued on a judgment in favor of appellees and against W. S. Searcy and J. S. Searcy, rendered by a justice of the peace on the 22d day of November, 1897. This judgment was based on a promissory note executed and delivered by the said W. S. Searcy and J. S. Searcy to appellees on the 3d day of March,

1893. The lands were levied upon and sold as the property of W. S. Searcy. The appellant claims under two deeds made to him by his brother, W. S. Searcy, one dated July 30, 1890, and conveying by general warranty the one-half of the 142 2-9 acres, and the other dated March 17, 1897, covering both tracts.

We shall not undertake to discuss the various assignments of error presented. The controlling question is, were the deeds to appellant made in good faith or with intent to hinder, delay or defraud the creditors of the said W. S. Searcy? That issue was submitted to the jury, and they found that both of said deeds were made for the purpose of hindering, delaying and defrauding the creditors of the said Searcy.

We have reached the conclusion, however, after a careful consideration of the case, that the judgment of the court below ought to be affirmed as to the 35 acres and reversed and rendered for appellant as to the one-half of the 142 2-9 acres.

When W. S. Searcy made the deed dated July 30, 1890, to appellant for an undivided half interest in the 142 2-9 acres of land described in appellees' petition, he was not indebted to appellees in any sum, and there is no proof that such conveyance was made with a view to shield the property therein conveyed from the payment of future debts. The verdict of the jury, therefore, is not supported by any evidence that such conveyance was fraudulent. While a conveyance made by an insolvent debtor with a view of placing his property beyond the reach of creditors might be fraudulent and void as to prior creditors, it does not follow that such conveyance would necessarily be so as to subsequent creditors. The rule is that if such a conveyance is made for the purpose and with the intent to shield the grantor's "property from future debts, it would be fraudulent as to such debts, notwithstanding he may have in his hands at the time property amply sufficient to pay all existing debts." This intent, however, as to future liabilities must be shown either by direct or circumstantial evidence, or such conveyance will not be held to be void. No legal presumption of fraud would arise from the mere fact that debts were subsequently created. Dosche, Administrator, v. Nette, 81 Texas, 265; Hutchinson v. Keely, 39 Am. Dec., 250; Thompson on Trials, sec. 2013.

As bearing upon the intent with which the deed dated July 30, 1890, was made the court permitted, over the objections of appellant, witnesses Choat and Stroud to testify in substance that J. S. Searcy sold out his business to one Gunter in the year 1890, and that they heard him say, in the same year, something about how he had arranged his matters with reference to his creditors; that Searcy said he was going to save himself; that his creditors were about to close him out; that he was not able to pay his debts, and was going to save his home, etc. This action of the court was error. The issue was whether W. S. Searcy, and not J. S. Searcy, had transferred his property with the intent to defraud his creditors. What J. S. Searcy said and did with reference to his property did not tend to prove any issue in the case and was

inadmissible for any purpose. Such testimony was, however, calculated to prejudice the jury against appellant and should have been excluded.

But it is contended by appellees, in effect, that W. S. Searcy had no title to or interest in the 142 2-9 acres on July 30, 1890, the date of the deed to appellant, and therefore the submission of the issue of good faith or fraudulent purpose in making said deed could not have injuriously affected appellant's rights. We think the facts did not authorize the submission of that issue, but do not concur in appellees' contention. The evidence shows that when W. S. Searcy made the deed dated July 30, 1890, to appellant he was a minor 19 years of age; that the land described in that deed was at the date thereof the separate property of his mother, Mrs. Tabitha Searcy; that appellant and W. S. Searcy were the only children of their said mother, and that she was then a lunatic and was at the time of the trial of this case in the court below confined as such in an asylum at Sherman.

It further appears that appellant and the said W. S. Searcy were in possession of said 142 2-9 acres of land, setting up some claim thereto, and A. H. Culver, as the guardian of Mrs. Tabitha Searcy, brought suit to recover the same; that by an agreed judgment approved and entered by the court on the 17th day of March, 1897, in said suit, appellant and the said W. S. Searcy recovered jointly the said 142 2-9 acres, and A. H. Culver, as the guardian of Mrs. Tabitha Searcy, recovered other lands involved in said suit. On the same day that this judgment was rendered W. S. Searcy, then 27 years of age, conveyed by deed of that date to appellant, his undivided one-half interest in said 142 2-9 acres and the whole of said 35 acres. J. S. Searcy testified in substance that the deed of March 17, 1897, was made to him by W. S. Searcy for the purpose of conveying to him the 35-acre tract and to confirm the sale and transfer of the one-half of the 142 2-9 acres made to him by his brother when a minor.

That W. S. Searcy's expectancy in the estate of his mother under the facts shown, was subject to a valid sale and conveyance when he executed the deed to appellant on the 30th day of July, 1890, without the consent of his mother, she being insane and incapable of consenting, seems to be well settled. The subject is exhaustively discussed and the authorities cited and reviewed by Judge Collard in the case of Hale v. Hallon, 14 Texas Civ. App., 96, 35 S. W. Rep., 843, and by Judge Denman in the same case, 90 Texas, 427. Judge Denman, speaking for the Supreme Court, says: "Whatever may be the rule at law, it is well settled, as stated in Spence's Equity Jurisdiction, volume 2, page 865, that a naked possibility or expectancy of an heir to his ancestor's estate, or even of the anticipated rights of a person as next of kin, may be the subject of contract in equity, which will be equivalent to an assignment of the property if and when it shall fall into possession." Nemmo v. Davis, 7 Texas, 26; Richardson v. Washington, 88 Texas, 339; Mastin v. Marloe, 65 N. C., 695; Jenkins v. Stetson, 9 Allen, 128.

It follows, we think, from the ruling in the foregoing authorities

that the effect of the deed dated July 30, 1890, was to convey W. S. Searcy's expectant estate by inheritance from his mother, in the 142 2-9 acres of land in question, to appellant; and the title of Mrs. Tabitha Searcy and the right of possession having been acquired by the judgment in the case of Culver, Guardian, v. Searcy et al., above referred to, appellant's title to said expectancy or interest in said 142 2-9 acres of land became absolute and took effect as of the date of the deed made July 30, 1890. Had Mrs. Tabitha Searcy died, the inheritable interest of W. S. Searcy in the said 142 2-9 acres of land would have passed to J. S. Searcy by virtue of said deed of July 30, 1890, and in our opinion so passed by the judgment in the Culver suit. The deed of W. S. Searcy to appellant, dated March 17, 1897, operated as a ratification of the conveyance made by him in 1890 when he was a minor, but was not necessary to convey the title acquired by W. S. Searcy by the judgment in the Culver case; such title passed by the deed of July 30, 1890, and the deed of March 17, 1897, furnished no ground to declare J. S. Searcy's title to the 142 2-9 acres void as to the creditors of W. S. Searcy. What we have said has no application to the 35 acres of land involved in this litigation. An entirely different state of facts is shown with regard to that tract. It does not appear that this land ever formed any part of Mrs. Tabitha Searcy's estate, and was not conveyed to appellant until March 17, 1897. The consideration expressed in the deed conveying this tract to appellant was cash, promissory notes and $100 assumed to be paid on the Culver judgment. At the date of this conveyance W. S. Searcy was indebted to appellees in the amount of the judgment and execution under which said land was sold. By said conveyance W. S. Searcy was rendered insolvent. The evidence shows that appellant, speaking in relation thereto, said in 1897, "that the Gwaltneys went busted and are now back here trying to collect little old debts due them for lumber and are dogging after my brother for a debt he owes them, and I had to buy him out to keep them from getting his land. I don't think it would be any harm for us to beat them."

Upon this and other evidence the jury found that this conveyance was made with intent to hinder, delay and defraud W. S. Searcy's creditors. In so far as the 35-acre tract therein conveyed is concerned, we think this finding of the jury is sustained by the evidence, and that such finding and the judgment based thereon should not be disturbed.

We have carefully considered the charge of the court as applicable to this phase of the case, and while not entirely free from criticism, still we are of opinion no reversible error was committed therein. The special charges asked and refused bore particularly upon that branch of the case dealing with the interest claimed by appellees in the 142 2-9 acres, and the action of the court in refusing said charges furnishes no satisfactory reason for a reversal of the case as to the 35-acre tract.

This is the second appeal in this case. The first trial resulted in a verdict and judgment for appellant. This judgment was reversed on

account of an error in the charge.   68 S. W. Rep., 304.   The full strength of appellees' case for the recovery of the undivided half of the 142 2-9 acres in controversy seems to have been fully developed upon the last trial.   Upon the uncontroverted evidence adduced, the jury should have been instructed to return a verdict in favor of appellant for that tract; and for the reasons indicated the judgment of the court below is affirmed as to the 35-acre tract of land in controversy, and is reversed and judgment here rendered for appellant for the undivided one-half of the said 142 2-9 acres tract.   ·The costs of this appeal will be taxed against appellees.

*Affirmed in part; reversed and rendered in part.*

## ON MOTION FOR REHEARING.

Motions for rehearing have been filed by both parties to this appeal. It is contended by appellant that the case should be reversed and remanded for a new trial as to the 35-acre tract of land in controversy, because of the improper admission of the testimony of Choat and Stroud, as shown in the original opinion.   We do not think in view of the other evidence in the case that this contention should be sustained.   The undisputed evidence showed that by the deed dated March 17, 1897, W. S. Searcey conveyed to appellant all his property except such as was exempt from forced sale; that appellees' judgment at this time was standing against him unpaid and efforts being made to collect it; that appellant was thoroughly acquainted with W. S. Searcy's financial condition, knew of the existence of appellees' judgment against him, and that by said conveyance W. S. Searcy was rendered absolutely insolvent.

Our conclusion is that, independent of the testimony of the witnesses Choat and Stroud, the evidence offered and circumstances shown to establish that W. S. Searcy conveyed the said 35 acres of land to appellant with the intent to hinder and defraud appellees in the collection of their debt and that such intent and purpose was known to appellant, was of such a conclusive character that no other proper verdict than that returned by the jury in respect thereto could have been rendered. We are also of the opinion that appellant suffered no substantial injury by the submission of the fraudulent intent, as to both deeds, together.

The motion of appellees has been carefully considered, and it is believed no good reason is pointed out why we should change our views as expressed in our original opinion, and the disposition made of the case with reference to the interest of appellant in the 142 2-9 acres tract.

Both motions in our opinion should be overruled, and it is so ordered.

*Overruled.*

Writ of error refused.