DAGGETT et al. v. BARRE et al.

(Court of Civil Appeals of Texas.   March 23, 1911.   Rehearing Denied April 6, 1911.)

HUSBAND AND WIFE (§ 179*)—WIFE'S SEPARATE ESTATE.—"ALL PROPERTY, BOTH REAL AND PERSONAL."

There being no statute limiting the power of a married woman in the conveyance of any of her separate property, if joined by her husband, and the phrase, "all property, both real and personal," as used in the statute as designating the property that shall constitute separate property, being used in a general sense, a married woman, joined by her husband, can make a valid conveyance of her expectancy in the community estate of her mother.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 711; Dec. Dig. § 179.*

For other definitions, see Words and Phrases, vol. 1, pp. 312–335; vol. 8, pp. 7572, 7573.]

Appeal from District Court, Tarrant County; James W. Swayne, Judge.

Action by John P. Daggett and others against Josephine M. Barre and others. Appeal by plaintiffs from a judgment sustaining a demurrer to the petition. Reversed.

The appeal is from the ruling of the court in sustaining demurrer to the petition of the plaintiffs in the suit. The suit was in trespass to try title to certain lands. The appellants and appellees are brothers and sisters, and are children of C. B. Daggett, Sr., and his wife, Mary Daggett. The father died intestate in 1888, and the mother died intestate in 1906. The land involved in the suit is the C. B. Daggett survey of 320 acres, and the S. K. Smith 208 acres. It was the community estate of the father and mother.

The portion of the petition to which the demurrer was sustained is as follows:

"They further show that the estate of the said C. B. Daggett, Sr., and his wife, Mary A. Daggett, was a community estate, and that after the death of the father, C. B. Daggett, Sr., the defendant, J. M. Barre, who was then a married woman, being the wife of E. V. Barre, did, on to wit, April 25, 1889, execute and deliver in due and proper form of law her general warranty deed of that date, whereby in terms of general warranty she sold, transferred, and conveyed the absolute fee-simple title to these plaintiffs, J. P. Daggett, Sarah Elizabeth Daggett, and C. B. Daggett, Jr., his name being written in said deed as 'C. Biggers Daggett,' but who was and is the same person mentioned as C. B. Daggett, Jr., all and singular, her entire interest in the community estate of the said C. B. Daggett, Sr., owned and left by him at his death, as aforesaid, on the ——— day of ———, 1888, and which said deed conveyed all the interest so inherited by the said J. M. Barre, recited in said deed as being Josephine M. Barre, wherever situated, and likewise the said Josephine M. Barre, joined by her husband, E. V. Barre, at said time and in said deed sold and conveyed to these plaintiffs as aforesaid, all interest which she had or ever expected to have or receive from the community estate and property of Mary A. Daggett, and which said community interest was a one-half of the property owned by the parties aforesaid, at the time of the death of the said C. B. Daggett, Sr.   It was further provided in said deed that same should not prevent her, the said Josephine M. Barre, from taking or receiving from her mother, Mary A. Daggett, any property that the said mother might will or bequeath her. Said deed also provided that should the grant of the future expectancy in the estate of the said Mary A. Daggett for any reason be inoperative so as to take effect with and at the same time of this instrument, then in such event the said grant of said instrument was made to take effect at the time of the death of said Mary A. Daggett, and the said Josephine M. Barre and husband, E. V. Barre, did covenant and agree with these plaintiffs. grantees in said deed, to execute and make any conveyance in the future as would be necessary to carry into effect the grant of the interest mentioned in said deed, to the extent that the said instrument by its terms might fail so to do.   Your petitioners show that the said Josephine M. Barre, joined by her husband, E. V. Barre, intended to convey and did convey to these plaintiffs the entire interest she owned in the property inherited by her from her father, C. B. Daggett, Sr., as well as any interest she had or might have in the property of her mother, Mary A. Daggett, and any and all interest in said property which she then owned or which she might thereafter receive by inheritance from her mother, Mary A. Daggett, and that by the terms and the covenants of said deed, said Josephine M. Barre, joined by her husband, E. V. Barre, did bind themselves to make and execute any and all conveyances in the future as would be necessary to carry into effect the terms and grants of said deed, as aforesaid.   Your petitioners show that they paid to the said Josephine M. Barre a valuable consideration for the said purchase, to wit, $2,250 cash, and assumed the payments of all debts against the estate so sold and conveyed.   They further show that since the execution of said deed the said E. V. Barre, husband of said Josephine M. Barre, has died, and that the said Josephine M. Barre is now a feme sole. Your petitioners herewith file as exhibit to this petition a copy of conveyance, and pray that the same may be taken and considered as a part of this petition.   They now show the court that by the terms and provisions of said deed they are the owners of all the interest which the said Josephine M. Barre inherited from the estate of her father, C. B. Daggett, Sr., and also all interest which would have descended to her and which she

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

would have inherited from her mother, Mary A. Daggett, and that therefore she, said Josephine M. Barre, has no interest in the estate of her father and mother, and that the same belongs to these plaintiffs. The said Mary A. Daggett did not during her lifetime make any gift of any of said property to said Josephine M. Barre, and died intestate."

The deed hereinbefore referred to, which is Exhibit A to plaintiff's petition, is as follows:

"The State of California, County of San Diego. Know all men by these presents: That we, E. V. Barre and Josephine M. Barre, husband and wife, of the county of San Diego, in the state aforesaid, for and in consideration of twenty-two hundred and fifty ($2,250.00) dollars, to us in hand paid by John P. Daggett, C. Biggers Daggett, and Sarah E. Daggett, the receipt whereof is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said John P. Daggett, C. Biggers Daggett and Sarah E. Daggett, of the county of Tarrant, in the state of Texas, all that certain property, real, personal and mixed, described as follows: 1st. All the interest in the community half of the community estate of C. B. Daggett, Sr., left by him at his death, in Tarrant county, Texas, 1888, which interest was inherited by the grantors herein by reason of the fact that Josephine M. Barre, one of said grantors, is an heir and one of the children of said decedent, C. B. Daggett, Sr. This deed hereby conveying all the interest so inherited by said Josephine M. Barre, wherever situated. 2nd. Also all the interest which the said Josephine M. Barre ever expects to receive from the community half of her mother, Mary A. Daggett, widow of said C. B. Daggett, Sr., in said community estate of C. B. Daggett, Sr., and Mary A. Daggett. But should her mother, Mary A. Daggett, elect during the lifetime of said mother to give said Josephine any of said property or should she by will give or bequeath to the said Josephine any property of any kind, then in either event this deed shall not prevent her from receiving and owning the same. The property herein conveyed is located for the most part in the state of Texas and in the county of Tarrant and in the C. B. Daggett and S. K. Smith surveys, in said county at the present time. A part of the consideration of this deed is that the grantees herein are to pay all cash debts of the estate herein mentioned as would have been incumbent on the grantors as heirs to pay had not this deed been made. It is further covenanted by the grantors herein as follows: That should the grant of the future expectancy in the estate of the said Mary A. Daggett for any reason be inoperative so as to take effect with and at the same time of this instrument, then in that event the said grant of said instrument is hereby made to take effect at the death of the said Mary A. Daggett, and the said grantors hereby covenant and agree with the grantees in consideration of the premises to make and execute any conveyance in the future as may be necessary to carry into effect the grant of the said interest herein mentioned to the extent that this instrument by its terms may herein fail so to do. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said John P. Daggett, C. Biggers Daggett, and Sarah E. Daggett, their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said John P. Daggett, C. Biggers Daggett, and Sarah E. Daggett, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. Witness our hands this 25th of April, A. D. 1889. E. V. Barre. Josephine M. Barre. Signed and delivered in presence of H. W. Mallett, T. J. Fisher."

The relief asked for was that a decree be entered, declaring the said deed valid, and that she, the said Josephine M. Barre, have no interest in said property, and if necessary for decree that she be compelled to carry out and execute her said contracts and covenants therein contained, and that all right, title, and interest she had in and to said property be divested out of her and vested in plaintiffs, and in the alternative, if plaintiffs were not entitled to such relief, that she, the said J. M. Barre, be required to return to plaintiffs the amount paid to her as purchase money for her interest in said property, with interest from date of conveyance, and title to said property be vested in plaintiffs, for writ of possession, and for general and special relief. The deed was. duly acknowledged in the required legal form for acknowledgments of married wife, and was properly placed of record at once.

Bryan & Spoonts and Spoonts, Thompson & Barwise, for appellants. Sidney L. Samuels, for appellees.

LEVY, J. (after stating the facts as above). The first special exception to the petition reads: "And the said defendant, Josephine M. Barre, demurs to that part of plaintiff's amended petition wherein plaintiff seeks to recover against this defendant for that part of the property described in plaintiff's petition and that interest therein to which she was and is entitled as a child and heir of her mother, Mary A. Daggett, for that it appears from the face of plaintiff's amended petition that at the time and date of the alleged conveyance, wherein this defendant sought to convey her expectancy in her mother's estate, that the mother of defendant was yet alive, and that this defendant was at such time a married woman, the wife of E. V. Barre, and that the interest, if any, that this

defendant had in her mother's estate was at such time a mere expectancy, and had not vested in this defendant, by reason whereof this defendant as a married woman had no interest that she could lawfully convey, and of this the said defendant, Josephine M. Barre, prays judgment of the court."

In reference to the expectancy, or contingent interest, it affirmatively appears from the allegations that the relation of child and parent existed, and that the lands in suit were in absolute ownership of the parent, and that there was an inherited interest vested, and an expectant interest as an heir not vested, in Mrs. Barre, and that the terms of the deed expressly conveyed or assigned the expectant interest as an heir, and that such sale was fairly and justly made, and upon adequate consideration, and that the husband of Mrs. Barre joined with her in the sale and conveyance made. The status of the expectancy, as a separate or community right and interest, would be determined, we think, by the character of the right in which it had its origin. Without question the expectancy here, if and when it shall fall into possession, would follow, under the laws of descent and distribution, from the fact that Mrs. Barre was in the relation of child. So, in measuring the legal rights of Mrs. Barre, the expectancy, or contingent interest, in controversy, should be, it is not doubted, treated and regarded as a separate, and not community, right and interest of Mrs. Barre, and controlled, as to ownership and sale, by the laws governing in such respects. It is not an open question that an expectant or contingent interest of an heir is an appropriate subject of contract, and that a conveyance by expectant heirs of their future contingent estates will be enforced when fairly made upon a valuable consideration. Hale v. Hollon, 90 Tex. 427, 39 S. W. 287, 36 L. R. A. 75, 59 Am. St. Rep. 819; 1 Pomeroy, Eq. Jur. § 168. And in accordance with this principle it has been held in many cases, not necessary to here cite, in which the question has arisen that an heir may release or assign his expected share in the ancestor's estate. And it has been so far treated as the subject-matter of contract as to allow a father to make a contract with his child which would bar the latter as his heir at law, and that when property has been received by the son from the father, the son giving a receipt reciting that the same was received in full of his share as heir at law, he was thereby estopped, upon the death of his father, from claiming any further part of his estate. Power's Appeal, 63 Pa. 443. In the present deed there is not involved any question of construction of what was conveyed. The terms of the deed conveyed the expectancy in suit, and expressly by words intended to convey that particular thing. And the mode and manner of conveyance is aside, as the statute in this respect is shown to have been fully complied with. So, under the principle that an expectancy is the subject-matter of contract and sale, and that such assignment when fairly made and upon valuable consideration will be enforced in equity, there remains the question of whether a married woman in this state has the power, for a valuable consideration, to convey her expectancy or contingent interest in realty.

The terms of our statute are such as to leave little room for doubt that a married woman may own, buy, and sell, and, as a consequence, to ordinarily transfer and convey, when properly joined with her husband, any and all kinds of property. The phrase "all property, both real and personal," as used in the statute in designating the property that shall constitute separate property, is used in a general sense, and is broad enough to include everything which is the subject-matter of ownership and transfer to another. There is no statute forbidding the exercise or limiting the power of a married woman in the conveyance of any of her separate property, if joined by her husband. The statute simply provides that her conveyance of realty shall not "take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized to take acknowledgments to deeds." 1 Rev. St. 1895, art. 635. Article 632, R. S., generally authorizes a conveyance by deed of an estate in freehold or by inheritance to commence in futuro. A married woman may convey to any use when joined by her husband, and her right in this respect is unlimited. Speer on Married Women, § 99. As said in the case of Angier v. Coward, 79 Tex. 551, 15 S. W. 698, speaking to a bond for title: "It was not intended to limit or restrict her in the exercise of the right or power of alienation to any character of conveyance or contract which she, in connection with her husband, might deem advantageous to be made with respect to her realty." She can, conjointly with her husband, execute a trust deed on her property to secure the debt of her husband. Hollis v. Francois, 5 Tex. 195, 51 Am. Dec. 760. Or even to secure the debts of a third person. Hall v. Dotson, 55 Tex. 520. And can with her husband execute bond for title. Angier v. Coward, supra. And she cannot avoid an executed contract as to her separate property solely on the ground of coverture. Pitts v. Elser, 87 Tex. 347, 28 S. W. 518. Thus it is clear that the wife has power to contract with reference to her separate realty. And when joined by her husband such contracts are effective against her separate property. So if a married woman is capacitated by law, when joined by her husband to dispose of her separate property, and an expectancy is the proper subject of assignment, and a conveyance by an expectant heir when properly made and upon valuable consideration will be enforced, then what principle could be invoked to make the sale and conveyance of Mrs. Barre ineffectual?

Appellee argues that it is so upon the ground that an expectancy is not a present interest in property, and a married woman in this state has no power to convey anything, except a present interest actually owned and in existence at the time she executes the conveyance, and cites and strongly relies upon the cases of Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779, and San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, as deciding and fully supporting this contention. It was upon this contention, doubtless, that the demurrer was sustained. In the Wadkins Case, supra, Mrs. Wadkins, joined by her husband, executed a deed, and conveyed by metes and bounds the whole tract of land. She at the time owned a one half undivided interest, and her brother owned the other half. Subsequently the brother died, and Mrs. Wadkins acquired the title of the brother by inheritance. The points involved were whether the after-acquired title from her brother passed by the deed to the grantee, and whether Mrs. Wadkins was estopped from asserting her after-acquired title. Mrs. Wadkins in her deed purported to convey as the daughter of Stouthan, deceased, and the property was merely described by metes and bounds, and the deed did not in terms pass or attempt to pass any future acquired interest. The ruling of the court was that her intention to pass more than her particular inherited interest from her father not appearing, an intention to pass the future interest could not be implied or ingrafted by construction. And as the statute did not confer power on a married woman to bind herself by covenant in a deed, an implied covenant in title, as there, could not legally operate to prevent her successful assertion of after-acquired title, and therefore the deed operated to pass such title as Mrs. Wadkins owned at the time of the conveyance. The Grandjean Case, supra, was where, under proper condemnation proceedings by the city of San Antonio and payment of compensation, there was appropriation for public use of the separate property of a married woman. It was the contention that the title of a married woman would not pass, except by a conveyance duly signed and acknowledged by her and her husband. The ruling was that in such circumstances the appropriation of the land was complete, and that the requirements as to conveyance by a married woman was unnecessary. These two cases clearly do not decide the point here.

It is true at common law a mere possibility, such as the expectancy of an heir at law, was not regarded as such an existing interest as to be the subject of a sale or capable of being passed by assignment. In equity, however, the rule was different. And the principles upon which such assignment is upheld can be alluded to. Quoting from Story's Equity Jurisprudence, the principle is stated: "Courts of equity do not, like courts of law, confine themselves to the giving effect to assignments of rights and interests which are absolutely fixed and in esse. On the contrary, they support assignments, not only of choses in actions, but of contingent interests, and all things which have no present, actual, or potential existence, but rest in mere possibility only. In respect to mere possibilities only, it is true the assignment can have no positive operation to transfer, in præsenti, property in things not in esse; but it operates by way of present contract, to take effect and attach to the things assigned when and as soon as they come in esse; and it may be enforced as such contract in rem in equity." So the principle simply is that an assignment of an expectancy by an heir apparent operates by way of present contract, and is equivalent to an assignment of the property if and when it shall fall into possession. It is enforced as such contract in rem. It practically amounts to a conveyance of an inheritance to be reduced to possession, if there is any property, in the future. It is true a married woman is not bound by a covenant that would operate personally against her. But the contract here is enforceable in rem, and not personally against her. And, as seen, the assignment operates, under the principle of equity, not in the way of estoppel, but "by way of a present contract, to take effect when and as soon as they (expectancies) come into possession." It does not operate through any other covenant than the particular contract made. Where a person conveys a tract of land by metes and bounds and covenants the title, his covenant operates to bring an after-acquired title to a part of the tract under his deed. It is because of his covenant. And there is no analogy between that kind of a case and the instant one. That principle does not enter here. Here the particular thing is expressly conveyed, subject only to the happening of the future event of the death of the ancestor intestate. And as the assignment operates as a present contract, the assignee acquired at once such particular right in equitable ownership, but in abeyance, subject to the happening of the future event. The statute does not in terms declare that a married woman cannot make a present contract assigning a particular thing or right to take effect in futuro. The right of a child to inherit from the parent is a valuable right, and it is possible to predicate ultimate absolute ownership in realty upon such right. So, upon the principles upon which equity upholds such an assignment, that it operates by way of present contract, to take effect upon the happening of the future event, and is the equivalent of the assignment of the particular property and is enforced in rem, we conclude that a married woman, if joined by her husband, is capacitated to make same. There is nothing in the nature of the contract that would render her power to contract ineffectual and void.

As to the next exception directed to the relief asked in the alternative, the following cases are decisive of the contention: Pitts v. Elser, supra; Stephens v. Shaw, 68 Tex. 261, 4 S. W. 458.

It follows that the court erred in sustaining the demurrer, and the judgment is reversed, and the cause remanded.