## HAMMETT v. FARRAR et al. (No. 2145.)

Court of Civil Appeals of Texas. El Paso.
June 7, 1928.

Rehearing Denied June 28, 1928.

1. **Assignments** ⊜➾8—**Deeds** ⊜➾8—**Expectancy of inheritance in estate is subject of sale and conveyance in equity.**

An expectancy of inheritance in estate is in equity subject of sale and conveyance.

2. **Husband and wife** ⊜➾193, 194—**Married woman may convey expectancy in inheritance owned· in her separate right when joined by husband and deed is legally acknowledged.**

Married woman owning expectancy of inheritance in estate in her separate right, may convey by deed such expectancy when joined by her husband and deed is acknowledged as required by law.

3. **Specific performance** ⊜➾64—**Executory contract to sell expectancy of inheritance by person competent to contract will be enforced in proper case.**

Expectancy of inheritance in estate is not only subject of executed sale and conveyance, but in proper case executory contract of sale·by one competent to contract will be enforced.

4. **Husband and wife** ⊜➾187—**Married woman cannot contract to convey separate realty, and contract to do so is not binding on her.**

Married woman is without authority to contract to convey her separate real estate, and contract to do so is not binding on her because of coverture.

5. **Husband and wife** ⊜➾118—**Married daughter's expectancy of inheritance in estate of mother belonged to her separate estate.**

Expectancy of inheritance by married daughter in estate of her mother belonged to separate estate of daughter.

6. **Husband and wife** ⊜➾187—**Contract between married woman and another as heirs to divide equally property inherited from ancestor held executory, and not binding on married woman because of her coverture.**

Contract between married woman and another as heirs to divide equally all property other than family keepsakes inherited under the will of ancestor *held* not conveyance of married woman's expectancy of inheritance, effective in præsenti and attaching to her interest in estate of ancestor when it vested in her, but was wholly executory as respects both parties, performable in futuro, there being no delivery of possession and consideration for contract but merely mutual promises that property inherited will be equally divded, and hence contract· was not binding on married woman because of her coverture.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Benjamin De Forest Buel Hammett against Guy Hammett Farrar and others. Judgment for defendants, and plaintiff appeals. Modified and affirmed.

Goggin, Hunter & Brown and Kemp & Nagle, all of El Paso, for appellant.

J. E. Quaid and Turney, Burges, Culwell & Pollard, all of El Paso, for appellees.

HIGGINS, J. This suit was brought by appellant against Guy Hammett Farrar and husband and others not necessary to mention. Mrs. Farrar died, and her devisees and legal representative were made parties defendant:

The suit was to recover an undivided one-half interest in a parcel of land known as the Hammett block in El Paso, Tex., and a one-half interest in an undivided one-half interest in another parcel of land in El Paso known as the D. R. Francis block.

The view we have of the case renders it unnecessary to consider all of the questions discussed in the briefs.

The heirs at law of Mary S. P. Hammett, a widow, were the plaintiff,.a grandson, Mrs. Farrar, a daughter, and Paul Hammett, a son. They were beneficiaries under Mrs. Hammett's will. Mrs. Hammett died September 9, 1926, and her will was admitted to probate.

On November 27, 1923, for reasons satisfactory to themselves and not necessary to be here stated, the plaintiff and Mrs. Farrar, joined by her husband, executed and acknowledged in due form an agreement, which reads:

"This agreement entered into between Mrs. Guy Hammett Farrar, joined proforma herein. by her' husband, B. L. Farrar, ·of the first part and Benjamin De Forest Buel Hammett of the second part, all of El Paso county, Tex., witnesseth:

"That whereas the said Guy Hammett Farrar is the daughter of Mary S. P. Hammett and the said Benjamin De Forest Hammett is the grandson of the said Mary S. P. Hammett·and is a nephew of Guy Hammett Farrar and both

of said parties are legal and lawful heirs of the said Mary S. P. Hammett and have reason to believe that upon the death of the said Mary S. P. Hammett they will be named as legatees in the will of the said Mary S. P. Hammett and for the purpose of eliminating any unnecessary feeling or inequities that either may feel might arise, with reference to the legacies first above mentioned, it is herewith agreed between the said parties: That all property, other than family keepsakes or mementoes, inherited under the said will by the said Guy Hammett Farrar and all property, other than family keepsakes or mementoes, inherited under the will by the said Benjamin De Forest Buel Hammett, shall be joined together and divided equally, one-half thereof to the said Guy Hammett Farrar and the other one-half to the said Benjamin De Forest Buel Hammett.

"It being the intention of the parties hereto to divide equally all interests of a monetary nature inherited by either or both from the said estate of Mrs. Mary S. P. Hammett, so that each of the said parties shall enjoy an equal part of the said estate as inherited by both.

"The said Benjamin De Forest Buel Hammett is also known as Ben Hammett and as Buel Hammett, and is designated in either of the three ways by acquaintances, relatives, friends and associates.

"These presents are drawn as an assurance to Guy Hammett Farrar that she will profit equally in her mother's estate with her nephew Benjamin De Forest Buel Hammett and is drawn for the purpose of assuring the said Benjamin De Forest Buel Hammett that he will profit equally with his aunt, the said Guy Hammett Farrar in the distribution of his grandmother's estate."

Upon this contract the plaintiff bases his suit.

[1-3] It is settled in this state that an expectancy of inheritance in an estate is, in equity, the subject of sale and conveyance. Hale v. Hollon, 90 Tex. 427, 39 S. W. 287, 36 L. R. A. 75, 59 Am. St. Rep. 819; Searcy v. Gwaltney, 36 Tex. Civ. App. 158, 81 S. W. 576; Hughes v. Beall (Tex. Civ. App.) 264 S. W. 171. A married woman, the owner of an expectancy in her separate right, may by deed convey such expectancy when joined by her husband and the deed acknowledged as by law required. Barre v. Daggett, 105 Tex. 572, 153 S. W. 120; Daggett v. Barre (Tex. Civ. App.) 135 S. W. 1099. Not only is it the subject of an executed sale and conveyance, but in a proper case an executory contract of sale by one competent to contract will be enforced. Miller v. Miller (Tex. Civ. App.) 283 S. W. 1085; Hale v. Hollon, supra; Beckley v. Newland, 2 P. Wms. 182, cited with approval in Hale v. Hollon.

[4] But it is also well settled in this state that a married woman is without authority "to contract to convey her separate real estate" and her contract so to do is not binding upon her because of her coverture. It was definitely so held by Justice Phillips in Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674. In that case Mrs. Kanaman and hus-

band, by their duly authorized agent, entered into a written contract with Blakeley binding them to convey separate property of Mrs. Kanaman. Blakeley sued for specific performance alleging tender of full performance upon his part. Demurrers were sustained raising the question that since the petition disclosed the property to be the separate estate of Mrs. Kanaman, she was not bound by the contract of sale on account of her coverture. In upholding the ruling upon the demurrers Judge Phillips quoted with approval Kellett v. Trice, 95 Tex. 160, 66 S. W. 51, as follows:

"The power to convey does not, therefore, enable her to contract generally with reference to her separate property, but only to dispose, in whole or in part, of her title; and the only operation which her conveyances have is to pass such title or some interest in it. Wadkins v. Watson, 86 Tex. 194 [24 S. W. 385, 22 L. R. A. 779]."

[5] The expectancy of Mrs. Farrar in the estate of Mrs. Hammett belonged to the separate estate of Mrs. Farrar. Daggett v. Barre (Tex. Civ. App.) 135 S. W. 1099.

[6] The contract upon which appellant relies is not a conveyance of Mrs. Farrar's expectancy, effective in præsenti and attaching to her interest in the estate of Mrs. Hammett when it vested in her. It is a contract wholly executory as respects both parties, performable in futuro, and in principle the same character of executory contract as that considered and enforced in Miller v. Miller, supra, in which no question was presented as to the competency of the defendant to contract. Such being the nature of the contract, it was not binding upon Mrs. Farrar because of her coverture. Blakeley v. Kanaman, supra.

In support of the contention that it was binding upon Mrs. Farrar, appellant relies strongly upon Angier v. Coward, 79 Tex. 551, 15 S. W. 698. In that case Mrs. Angier executed a bond for title. Possession of the land was delivered and the consideration in part paid. She later sued to recover the land and obtained judgment. The case was reversed, it being held that judgment should have been rendered vesting title to the land in the defendant upon payment of the balance of the purchase money. Angier v. Coward is inapplicable to the present state of facts, for, as was said by Judge Phillips in Blakeley v. Kanaman:

"As a bond for title, where the purchase money is paid and possession delivered, conveys the superior title to the land in equity (Wright v. Thompson, 14 Tex. 558), and therefore operates as a species of conveyance, its specific performance may be decreed against the wife where her husband joins in its execution and it is duly acknowledged. So, in virtue of her power to convey, the wife, by following the statutory method, may mortgage her separate real estate, the mortgage being in such cases sustained as another kind of conveyance. Likewise, when properly joined by her husband, she

may convey such property by means of a power of attorney. Patton v. King, 26 Tex. 686, 84 Am. Dec. 596. But in all such cases the transactions are upheld because the instruments operate as 'conveyances' of her title or an interest in it."

In the present case there has been no delivery of possession, and the consideration for the contract is merely the mutual promises of the parties that all property inherited by them under Mrs. Hammett's will except family keepsakes or mementoes "shall be joined together and divided equally, one-half thereof to the said Guy Hammett Farrar and the other one-half to the said Benjamin De Forest Buel Hammett." This presents a different question from that of a bond for title, possession delivered and the consideration in part paid.

It follows the court below did not err in giving a peremptory charge to find for defendants, in accordance wherewith verdict was returned and judgment rendered.

It is asserted that the general judgment in favor of defendants is erroneous because it operates to deprive appellant of an interest in the D. R. Francis block, which passed to him independent of the contract sued upon. This was not called to the attention of the court below, and is here presented by assignment of error filed subsequent to adjournment of the court. We hardly think the judgment has the effect asserted, but as a matter of precaution the judgment will be modified so as to meet the objection urged against it.

The parties are granted 20 days in which to agree upon and submit for approval the form of the modified judgment; costs of the appeal taxed against appellant.

Modified and affirmed.