## WARLICKE v. DAVIS et al.

### No. 9627.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1935.

Rehearing Denied Jan. 22, 1936.

McCloskey & Wasaff, of San Antonio, for appellant.

Duncan & Davis, of Gonzales, for appellees.

SMITH, Chief Justice.

On January 27, 1896, J. L. Norwood and his wife, Rachel, conveyed to their unmarried daughters, Roy and Julia, a tract of 440 acres of land in Gonzales county, by deed, as follows:

"State of Texas, County of Gonzales,

"Know all men by these presents: That we, J. L. Norwood and wife, Rachel Norwood, of the County of Gonzales in the State aforesaid and in consideration of the sum of Five Dollars to us paid and from natural love and affection we have for our children, Roy and Julia Norwood convey them the hereinafter described land, we however retaining for our own use the possession and profits of same as long as we shall live or either of us, it shall remain ours. And after the death of both of us the same shall vest in equal portions in our said children, Roy and Julia Norwood, and in case either of same shall die without disposing of her part or shall die without issue then said real estate shall descend to such of our other children as may be alive in equal portions. Have granted, sold and conveyed by these presents do grant, sell and convey unto the said Roy and Julia Norwood of the County of Gonzales and State of Texas all that certain three tracts or parcels of land containing in the aggregate 440 acres of land all on Winslow Turner Head right league in Gonzales County, State of Texas, situated on the east bank of the San Marcos River about 12 miles above the town of Gonzales and more particularly described as follows: * * *

"To have and to hold the above described premises together with all and singular the rights and appurtenances in anywise belonging unto the said Roy Norwood and Julia Norwood, their heirs and assigns forever; and we do hereby bind ourselves our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Roy Norwood and Julia Norwood their heirs and assigns against every person whomsoever lawfully claiming and to claim the same or any part thereof."

At the same time Mr. and Mrs. Norwood, by similar deeds, conveyed the remainder of their real properties to their four other children.

Subsequently, Mr. and Mrs. Norwood died, intestate, and were survived by their six children, including their said two daughters, the grantees in said deed. The four other children quitclaimed, to said grantees, any and all interest they had in

the 440 acres conveyed in said deed to their sisters, Roy and Julia.

Roy Norwood, one of the grantees, married J. S. Davis, and Julia, the other, married Alton A. Warlicke. Roy Norwood Davis and her husband have three children, born of their union.

Julia Norwood Warlicke died in September, 1933, without issue, and without having previously disposed of her undivided one-half interest in the 440 acres of land conveyed to her in the deed from her parents, but left a will, in which she devised to her surviving husband "any and all properties both real and personal in which I may hold any right, title or interest in at the time of (her) death, situated anywhere." The will was duly probated, and under its provisions Warlicke claims fee-simple title to five-tenths of the 440-acre tract involved, conceding the remaining five-tenths to the surviving grantee, Roy Norwood Davis. The latter, claiming a six-tenths interest in said land, concedes the remaining four-tenths interest is in Warlicke. This lawsuit is therefore over an undivided one-tenth interest in the 440-acre tract of land, and for partition. The trial court, without a jury, rendered judgment decreeing a six-tenth interest in Roy Norwood Davis, and the remaining four-tenths interest in Warlicke, who has appealed.

Warlicke's claim of a five-tenths interest rests upon the theory that by the terms of the deed, when properly construed, his wife, Julia, took fee-simple title to an undivided one-half of the 440 acres, with resulting power to devise it to Warlicke, as' was sought to be done by her will.

Mrs. Roy Norwood Davis claims a six-tenths interest in the property upon the theory that the deed from the parents did not have the effect of vesting fee-simple title in her sister, Julia, but a conditional title, defeasible by the death of the devisee without issue, or without having disposed of the property, both of which contingencies occurred; that, therefore, Julia died seized of only that interest in the property which passed to her by reason of the quitclaim deed to her sister and her from their four brothers and sisters, conveying their inheritable interest in the property; whereby Julia took, and could devise, only a four-tenths interest in the whole tract; that of the remaining six-tenths, Roy took four-tenths by quitclaim from her four brothers and sisters, and the remaining two-tenths of the whole by inheritance from her sister, Julia, the other heirs having relinquished their inheritable interest to Roy and Julia, jointly, by quitclaim. These contentions call for construction of the deed from the parents to their daughters, Julia and Roy.

The questioned provisions of the deed executed by the parents are embraced in that clause in which the grantors "convey" the land to the grantees, Roy and Julia, "however, retaining for our own use, the possession and profits of same as long as we shall live, or either of us, if shall remain ours, and after the death of both of us, the same shall vest in equal portions in our said children, Roy and Julia Norwood and in case either of same shall die without disposing of her part, or shall die without issue, then said real estate shall descend to such of our other children as may be alive in equal portions."

Appellant's first proposition is that "where a deed reserves a life estate to the grantors, and conveys the fee to the grantees, with limitation over that if said grantees died without leaving issue the land was to go to others, death of grantees means death during the continuance of the life estate reserved to the grantors, and the grantees having survived the grantors, their title became indefeasible and absolute."

We hold that by the peculiar language of the deed that the remainder should pass to the grantees, "after the death of both" grantors, upon the condition stated, the instrument was taken out of the rule invoked by appellant, and that the death of the grantees therein contemplated did not mean their death before the death of the grantors, but after that event. The rule invoked by appellant applies only where there is no language in the instrument under construction negativing an intention of the grantors to make the estate in remainder effective only in event of their survival of the grantees, whereas, the language of the deed here under consideration clearly evidences the purpose of the grantors that the estate in remainder should pass, as provided, "after their death." St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425, 132 Am.St. Rep. 886. We therefore overrule appellant's proposition.

Appellant's second, and remaining, proposition is that the deed in question "should be construed to give the largest

estate under the terms of the grant," citing article 1291, R.S.1925, which reads as follows: "Every estate in lands which shall thereafter [hereafter] be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

We are of the opinion that the language of the deed from the parents to their daughters plainly expresses, and gives effect, to an intention of the grantors to limit the grant to the conditional estate, as distinguished from a fee-simple title. Obviously, in such case, the quoted statute is not applicable.

Other incidental questions are raised in appellant's argument, and are interestingly and ably discussed by counsel for both parties, but we are disposed to limit the express rulings in this opinion to the specific questions propounded in appellant's two propositions.

■ We are of the opinion that the provision in the deed that in the contingencies that the grantee should die, after the grantors' demise, without issue, and without having disposed of the property conveyed, the same should go to the grantors' surviving children, was a valid conditional limitation, and the trial court correctly construed the conveyance, and decreed the appropriate remedy, under the facts of the case. Lockridge v. McCommon, 90 Tex. 234, 38 S.W. 33.

The judgment is affirmed.