## GOTTWALD et al. v. WARLICK.

### No. 10436.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1939.

Duncan & Davis, of Gonzales, for appellants.

Augustus McCloskey, of San Antonio, for appellee.

SMITH, Chief Justice.

On January 27, 1896, J. L. Norwood and wife, Rachel, conveyed to their two daughters, Julia and Roy, a certain tract of 440 acres of land in Gonzales County, subject to a life estate in said land retained by the grantors, and subject to the limitation that if either of the two grantees shall die without issue, or without disposing of her part of said property, "then said real estate shall descend to such of our other children as may be alive in equal quantities." The said Roy Norwood married and bore issue, and, of course, took the whole of her undivided part of the land. On the other hand, Julia Norwood, the other grantee, although she married and was survived by appellee, A. A. Warlick, died without having issue, and did not convey away her part of the estate during her life time, but, upon her death devised all her property by will to her said husband. The facts are fully stated in a prior appeal. Warlicke v. Davis, 89 S.W. 2d 845, writ refused.

In the meantime, however, after the death of the parents, but before the death of Julia Norwood Warlick, the remaining children of J. L. and Rachel Norwood (other than the daughter Roy) joined in a deed whereby, after setting out the foregoing facts, they conveyed to their sisters, Julia and Roy, all their interest, "present and future" in said 440 acre tract. It is conceded that under our laws of descent and distribution those grantors had an inheritable interest of an undivided two-fifths of said estate, subject to their deed to Julia and Roy, and the devise by will from Julia to her husband. From this situation arises the controlling question in the appeal, to-wit: Was that inheritable interest, or expectancy, subject to valid sale and conveyance by the heirs, who brought this suit in trespass to try title to recover said interest from Warlick, who claims it by devise from his deceased wife?

The trial court held that appellants, as plaintiffs below, effectually conveyed away

their expectancy by their deed to their sisters, Julia and Roy, and accordingly denied any recovery to them.

We are of the opinion that the trial court properly held that appellants' reversionary interest, or expectancy, was subject to valid assignment, and that they had conveyed away that interest or expectancy by the terms of their deed to Julia and Roy Norwood. A mere expectancy of inheritance, or remainder of a defeasible estate, may be assigned, and a regular conveyance thereof is valid and will be upheld, unless fraudulently procured, which is not charged in this case. 5 Tex.Jur. p. 15, § 13; Hale v. Hollon, 90 Tex. 427, 39 S.W. 287, 36 L.R.A. 75, 59 Am.St.Rep. 819; Wells v. Houston, 23 Tex.Civ.App. 629, 57 S.W. 584; Id., 29 Tex.Civ.App. 619, 69 S.W. 183; Searcy v. Gwaltney Bros., 36 Tex.Civ.App. 158, 81 S.W. 576.

The judgment is affirmed.