Gaines Franklin PARKER, Petitioner,

v.

James Albert BLACKMON et
al., Respondents.

No. B–6556.

Supreme Court of Texas.

June 22, 1977.

Pearson & Caballero, Ray Pearson, El
Paso, for petitioner.

Allan L. Poage, El Paso, for respondents.

REAVLEY, Justice.

Gaines Parker has established his unrestricted interest to property devised by the will of Cathalene Parker, and the judgment of the trial court in his favor has been affirmed by the Court of Civil Appeals. The majority opinion of the Court of Civil Appeals, however, construes the trial court judgment so as to deprive Gaines Parker of part of that interest. 544 S.W.2d 810. We affirm the judgment and construe it as did the dissenting Justice of the Court of Civil Appeals.

Cathalene Parker, who died in 1958, gave all of her property by her will to her husband, Gaines Parker, with this proviso:

[I]f my husband, GAINES FRANKLIN PARKER, should sell the house we lived in at the time of my death, then I give and bequeath what would have been my share of the proceeds of such a sale, had I lived, to my sons, JAMES ALBERT BLACKMON and JACK ARTHUR BLACKMON.

In 1958 and soon after their mother's death James and Jack Blackmon executed and delivered a deed to their stepfather, Gaines Parker, conveying to him:

[A]ll of our right, title and interest in the estate of CATHALENE CRAVEY PARKER, of any property of whatsoever kind or wheresoever situate that would be be-

queathed or devised to us by her will as a result of her death on the 30th day of March, 1958, TO HAVE AND TO HOLD together with all and singular, the rights and appurtenances thereto in anywise belonging, unto the said GAINES FRANKLIN PARKER, his heirs or assigns forever . . ..

■ The present declaratory judgment suit was brought by Gaines Parker to construe this deed from his stepsons because of a controversy which arose in recent years. The stepsons' only contention, so far as this record reveals, is that they could not effectively convey their interest in the proceeds from the sale of the home until after the sale is made. This contention was groundless, because the effective conveyance of the interest in an estate—contingent or vested, or even an expectant interest—is clearly permissible. *Hale v. Hollon*, 90 Tex. 427, 39 S.W. 287 (1897); *McConnell v. Corgey*, 153 Tex. 49, 262 S.W.2d 944 (1953); *Gottwald v. Warlick*, 125 S.W.2d 1060 (Tex. Civ.App.1939, no writ).

■ At the non-jury trial only the will and the deed were proved, without objection, by Gaines Parker. There were no other witnesses. The trial court rendered judgment reciting that the allegations of Parker's pleading were supported by the evidence and that he was entitled to judgment and declaring that the 1958 deed from the Blackmons conveyed their interest in the home to Parker and thereby vested fee simple absolute in him and divested the Blackmons of any interest in said property. The Blackmons filed a motion to amend the proposed judgment to have it provide expressly that no prejudice would be thereby imposed against their making claim to a share in the proceeds in the event of a subsequent sale of the home. The trial court denied that motion by written order. The trial court made findings of fact which included a finding that the Blackmons "conveyed all of their interests in their mother's estate" to Parker by the 1958 deed. Then the court concluded that "the Plaintiff herein has absolute title to the real estate in question, free and clear of any claims of

the Defendants." Only the Blackmons appealed.

The majority opinion of the Court of Civil Appeals construed the judgment awarding title to the home to Parker as excluding an award to him of the proceeds of any sale of the same. That opinion then construed the judgment to be in favor of the Blackmons as to potential sale proceeds. We disagree. While it is not incorrect to say that Parker owned fee simple title to the land under the will itself, the claim to proceeds from sale of the land was the issue here. To the parties and the trial judge this claim to the proceeds affected the rights to the disposition of the land. We cannot construe the judgment so as to nullify the 1958 deed— contrary to the facts and the law and the intent of the trial judge.

We construe the judgment to declare that Gaines Franklin Parker acquired by the 1958 deed all interest of James Albert Blackmon and Jack Arthur Blackmon in the estate of their mother. That included the right to share in the proceeds from the sale of the home. So construed, the judgments of the courts below are affirmed.